IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY R. DEWEESE
#552216                                                                                            PLAINTIFF

V.                           NO. 4:22-cv-00872-LPR-ERE

ERIC HIGGINS, *et al*.                                                                         DEFENDANTS

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.    Introduction:**

Plaintiff Bradley R. DeWeese, a pre-trial detainee at the Pulaski County Detention Facility ("PCDF"), filed this federal civil rights lawsuit *pro se* under 42 U.S.C. § 1983, claiming unconstitutional conditions of confinement. *Doc. 2*. Because the original complaint was flawed, the Court postponed screening and

provided Mr. DeWeese an opportunity to file an amended complaint. Mr. DeWeese has now filed an amended complaint (*Doc. 5*),[1] which the Court has screened as required by the Prison Litigation Reform Act.[2] For reasons that follow, the Court recommends that the pleading be dismissed for failure to state a plausible constitutional claim for relief.

### III. Discussion:

Mr. DeWeese alleges that from May 24 through May 28 (a five-day period); from May 31 through June 5 (a six-day period); and on June 7, PCDF staff kept him and other detainees locked in their cells with "R-unit link doors open." *Doc. 5 at 5*. Mr. DeWeese alleges that during these temporary lockdowns, he and other detainees had no access to: (1) showers; (2) recreation; (3) the law library; (4) the telephone or "lawyer calls"; (5) the mail; and (6) the kiosks. *Id*. at 5-6. Mr. DeWeese sues Jail Administrator Eric Higgins, Officer Horton, Officer Latimore, Officer Courtney, Officer Jackson, and Officer Anthony.

---

[1] The Court advised Mr. DeWeese that an amended complaint, if filed, would supersede the original complaint, so his amended complaint had to include all allegations relevant to the claim(s) he wants to pursue in this lawsuit. *Doc. 4.*

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief; instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Because Mr. DeWeese is a pre-trial detainee, his conditions of confinement claims are analyzed under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 905 (8th Cir. 2020). Under that standard, the government may lawfully detain a defendant before trial and subject him to jail restrictions and conditions, "'so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution.'" *Stearns*, 957 F.3d at 907 (quoting *Bell*, 441 U.S. at 536–37). Where a plaintiff does not demonstrate an express intent to punish, he or she must show that "the conditions of confinement were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id*. (quoting *Bell*, 441 U.S. at 538-39). "If conditions are found to be arbitrary or

3

excessive, it is permissible to "infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." *Id*. (quoting *Bell*, 441 U.S. at 539).

### 1. Jail Administrator Higgins

As a threshold matter, Mr. DeWeese fails to allege facts connecting Defendant Higgins to the lockdown conditions. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (internal quotation marks and citation omitted). A plaintiff must allege specific facts describing how each defendant violated his federally protected rights. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

The amended complaint fails to attribute any conduct to Defendant Higgins. In fact, there is no reference to Defendant Higgins, by name or title, in the body of the amended complaint. As a result, Mr. DeWeese has failed to state a plausible claim for relief against Defendant Higgins.

### 2. Conditions of Confinement

In addition, Mr. DeWeese fails to allege facts showing that the circumstances of his confinement rose to the level of unconstitutional pretrial confinement. This inquiry depends on the totality of the circumstances, including the duration of the

allegedly harsh conditions, "and not any particular condition in isolation." *Stearns*, 957 F.3d at 909. Mr. DeWeese alleges that he and other inmates went without showers, recreation, access to a law library, a telephone, mail or "kiosks" during a five-day, a six-day, and a one-day period. He concludes, without providing any details, that the lockdown put detainees' health at risk and that lack of showering caused a "stinking" and "hostile" environment. *Doc. 5 at 6*.

Mr. DeWeese does not claim that the temporary lockdowns were intended as punishment, and none of his allegations support such a theory. Nor does Mr. DeWeese allege that the lockdowns were unrelated to a legitimate governmental purpose; instead, his allegations indicate that a security concern (open link doors) precipitated the lockdowns. Finally, Mr. DeWeese alleges no facts demonstrating that the temporary lockdowns, which lasted no more than six days at a time, were arbitrary or excessive in relation to the legitimate purpose of maintaining the safety and security of the detention facility.

As alleged, the totality of the circumstances of Mr. DeWeese's pretrial confinement did not violate the Fourteenth Amendment.[3] Both the Eighth Circuit

---

[3] The Eighth Circuit has also held that the denial of shower privileges, recreation, and access to the telephone for short time periods does not constitute an Eighth Amendment violation. See *Abernathy v. Perry*, 869 F.2d 1146, 1149 (8th Cir. 1989) (finding that providing an inmate with only two showers per week was not an Eighth Amendment violation); *Knight v. Armontrout*, 878 F.2d 1093, 1096 (8th Cir. 1989) (holding that the lack of outside recreation for thirteen days was not a constitution violation); and *Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir. 1989) (prisoners do not have a right to unlimited phone use). While Mr. DeWeese is a pre-trial detainee rather than a convicted prisoner, this case law is persuasive. Furthermore, Mr. DeWeese failed to

Court of Appeals and courts in this district have held that conditions far worse than those alleged here passed constitutional muster. See *Goldman v. Forbus*, 17 Fed. Appx. 487, 488 (8th Cir. 2001) (unpublished opinion) (six nights sleeping on the floor and being sprinkled with urine was not a constitutional violation); *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no constitutional violation when a pretrial detainee was exposed to raw sewage for four days); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies was not a constitutional violation); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (eleven days in an unsanitary cell did not amount to a constitutional violation); *Pillow v. Ryals*, No. 4:20-CV-222-DPM-JTR, 2020 WL 6445917, at *3 (E.D. Ark. Nov. 3, 2020), report and recommendation adopted, No. 4:20-CV-222-DPM, 2020 WL 7481999 (E.D. Ark. Dec. 18, 2020) ("six-day exposure to disgusting smells from an overflowing toilet, twenty-nine days without hot water in the sinks in his cell, exposure to water into his bunk from a

---

allege he suffered any "actual injury" necessary to support an access to the court claim, and there is no constitutional right to an inmate grievance procedure. See *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (inmate must show that a non-frivolous legal claim was "frustrated or . . . impeded"); and *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). Finally, with regard to Mr. DeWeese's claim that Defendants failed to provide him access to his mail for twelve non-consecutive days, this Court has held that an eight-day delay between the posting of mail and receipt by an inmate "was not unreasonable, and therefore, [did] not support a [pre-trial detainee's] First Amendment claim for relief."). *Allen v. Emberton*, 2020 WL 5491475, at *3 (E.D. Ark. Aug. 17, 2020), report and recommendation adopted, 2020 WL 5439558 (E.D. Ark. Sept. 10, 2020).

leaking window when it rained, which required him to occasionally sleep on the floor, and a leaking sink" failed to establish a constitutional violation).

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. DeWeese's claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Court certify that, in the future, this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

3. The Clerk be instructed to close this case.

Dated this 21st day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE